IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GARY NICHOLSON                                                                                          PLAINTIFF

v.                                         Civil No. 1:22-cv-01011

DEANGELO EARL et al.                                                                               DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Complaint filed pursuant to 42 U.S.C. § 1983.  ECF No. 1.  This Complaint was filed by Plaintiff Gary Nicholson, ADC #137524.  *Id.*  On July 6, 2022, Defendant Warden DeAngelo Earl filed the instant Motion to Dismiss Second Amended Complaint.  ECF No. 30.  Nicholson has responded, and he argues his case against Defendant Earl should not be dismissed.  ECF No. 33.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation.  In accordance with that referral, the Court finds Nicholson has failed to state a claim as to Defendant Earl.  As such, Nicholson's case against Defendant Earl must be **DISMISSED.**

**I.     Background:**

On June 24, 2022, Nicholson filed his Second Amended Complaint.  ECF No. 26.  In this Complaint, Nicholson alleges Defendant Earl, as Warden of the Ouachita Unit, is liable for "conditions of confinement" and "denial of access to the courts."  *Id.* at 4.  He specifically alleges Defendant Earl is liable for the following: "DeAngelo Earl was responsible for all staff under him to maintain routine checks on plaintiff or allow him pen, paper envelopes or grievances."  *Id.*  He also alleges he "asked officers several times when the [they] would come around for pen paper

envelope and grievances," and he was "[d]enied access to the Courts do [due] to conditions of confinement." *Id.* at 5. Nicholson is only suing Defendant Earl in his individual capacity. *Id.*

II. **Applicable Law:**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (emphasis added). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcoft v. Iqbal,* 556 U.S. 662, 678 (2009). The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *See Blomker v. Jewell,* 831 F.3d 1051, 1055 (8th Cir. 2016).

Courts should consider whether there are lawful, obvious alternative explanations for the alleged conduct. *See McDonough v. Anoka County,* 799 F.3d 931, 946 (8th Cir. 2015) (*citing Iqbal,* 556 U.S. at 678, 682). Where the complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *See id.* When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations contained in the complaint, *Twombly,* 550 U.S. at 572, and must draw all reasonable inferences in favor of the nonmoving party. *See Cole v. Homier Distrib. Co., Inc.,* 599 F.3d 856, 861 (8th Cir. 2010). A complaint, however, must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Twombly,* 550 U.S. at 555. A district court is not required "to divine the litigant's intent and create claims that are not

clearly raised" or "conjury up unpled allegations" to save a complaint. *See Gregory v. Dillard's, Inc.,* 565 F.3d 464, 473 (8th Cir. 2009).

### III. Discussion:

With the Motion currently before the Court, Defendant Earl argues the individual capacity claims against him must be dismissed. ECF No. 26. Upon review, and based upon the following, the Court agrees with Defendant Earl's argument and finds the claims against him must be **DISMISSED.**

Nicholson argues Defendant Earl is liable in his individual capacity under 42 U.S.C. § 1983. ECF No. 26 at 4-5. The entirety of Nicholson's claims against Defendant Earl are as follows:

1. DeAngelo Earl was responsible for all staff under him to maintain routine checks on Plaintiff or allow him pen, paper envelopes or grievances.

2. Plaintiff asked officers several times when the [they] would come around for pen paper envelope and grievances.

Denied access to the courts do [due] to conditions of confinement.

*Id.* Again, in his response, Nicholson reiterates these vicarious liability claims against Defendant Earl: "Defendant Earl is responsible for all those employed under him." ECF No. 33 at 1.

In order to state a claim against a particular defendant, a plaintiff must allege that the defendant either personally participated in, or hand knowledge of, a particular act that deprived the plaintiff of a constitutionally protected right. *See Rizzo v. Goode,* 423 U.S. 362 (1976). General responsibility is insufficient to support liability. *See Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997). As found in *Keeper* and other decisions by the Eighth Circuit, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Id.* (citation omitted). Indeed, the Eighth Circuit reiterated in *Keeper* that "[r]espondeat superior is not a basis for liability under 42 U.S.C. § 1983." *Id.* (citing *Kulow v. Nix,* 28 F.3d 855, 858 (8th Cir. 1994)).

In his Second Amended Complaint, Nicholson has alleged nothing more than respondeat superior or vicarious liability as to Defendant Earl for the actions of his employees at the Ouachita Unit. ECF No. 26. As such, under *Keeper* and similar cases, he has failed to state a claim under 42 U.S.C. § 1983. Thus, his individual capacity claims against Defendant Earl must be dismissed.

## IV.    Conclusion:

For the foregoing reasons, this Court recommends Nicholson's individual capacity claims against Defendant Earl as stated in his Second Amended Complaint should be **DISMISSED**. This case remains active against remaining Defendants Dr. Steive Jeffery, Nurse S. Sharenda, and Dr. Courtney Daniels.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 23rd day of September 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE